UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANK ANTHONY TESORERO, | Case No. 11-11585 |
| Plaintiff, | George Caram Steeh |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (10, 13)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On April 13, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge George Caram Steeh referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 10, 13).

### B.   Administrative Proceedings

Plaintiff filed the instant claims on January 23, 2007, alleging that he

became unable to work on December 15, 2002.  (Dkt. 8-5, Pg ID 182).  The claim

was initially disapproved by the Commissioner on June 4, 2007.  (Dkt. 8-4, Pg ID

159-167).  Plaintiff requested a hearing and on July 11, 2007, plaintiff appeared

with counsel before Administrative Law Judge (ALJ) Jacqueline Y. Hall-Keith,

who considered the case *de novo*.  In a decision dated June 22, 2009, the ALJ

found that plaintiff was not disabled.  (Dkt. 8-2, Pg ID 42-58).  Plaintiff requested

a review of this decision on August 11, 2009.  (Dkt. 8-2, Pg ID 40).  The ALJ's

decision became the final decision of the Commissioner on December 17, 2010

when the Appeals Council denied plaintiff's request for review.  (Dkt. 8-2, Pg ID

28-30); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

     For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

     Plaintiff was 43 years of age at the time of the most recent administrative

hearing.  (Dkt. 8-2, Pg ID 56).  Plaintiff's relevant work history included

approximately 5 years as a general laborer, housekeeper, and a prep cook.  (Dkt. 8-

6, Pg ID 207).  In denying plaintiff's claims, defendant Commissioner considered

stenosis of the spine, learning disability, and anxiety as possible bases of disability.   (Dkt. 8-6, Pg ID 206).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since December 15, 2002.  (Dkt. 8-2, Pg ID 50).  At step two, the ALJ found that plaintiff's lower back/stenosis, mild mental retardation/cognitive disorder, anxiety, and Crohn's disease were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 8-2, Pg ID 51).  At step four, the ALJ found that plaintiff could not perform his previous work as a general laborer, prep cook and housekeeper in an elder care setting. (Dkt. 8-2, Pg ID 55).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  *Id*.

B.    Plaintiff's Claims of Error

According to plaintiff, the ultimate issue argued here is the date of disability.  Plaintiff asserts that he provided proof of disability beginning September 2003, when plaintiff was found to be suffering from rectal and anal hemorrhage caused by his severe colitis.  Plaintiff says he did not have the insurance or financial means to seek treatment and obtain medical records that

reaffirmed his severe colitis condition and allowed him to continue treatment. However, he says he continued to try and obtain employment, which in every case proved to be short term due to his inability to sustain a full day's work. In addition, Dr. Hain provided a written medical opinion, based on his treatment of the plaintiff, in support of the earlier disability date stating that, plaintiff has suffered from severe colitis for several years prior to him providing treatment for plaintiff in 2007. Plaintiff says that this document was presented to the Social Security Appeals Council during the appeal process, but plaintiff points out that it was omitted from the administrative record. (Dkt. 10, Ex. 4). Plaintiff asked that the Dr. Hain's document be made a part of the administrative record since it represents critical evidence in establishing a date of disability. No answer has been received as of this date, whether the document is now included as part of the administrative record.

###   C.   The Commissioner's Motion for Summary Judgment

The Commissioner reads plaintiff's brief as asserting that the ALJ's decision that his rectal condition became disabling only in November 2007 is not supported by substantial evidence. However, according to the Commissioner, the record amply supports the ALJ's conclusion. While plaintiff did go to the emergency room for rectal pain in 2003, the Commissioner asserts that the notes from his emergency room visit do not suggest a disabling condition. Rather, the

record indicates that there was no bleeding, swelling, hemorrhoids, tenderness, or prostate abnormality noted.  (Tr. 344).

In addition, the Commissioner points out that there was no mention of rectal problems in the record for the next four years. While the Commissioner acknowledges that plaintiff may well have had limited access to health care, such limited access does not explain why he failed to mention his rectal problems when asked about his health.  For instance, in January 2007, plaintiff was asked what medical conditions limited him from working.  He mentioned spinal stenosis, learning disability, and anxiety, but did not mention any rectal problem.  (Tr. 175). Although plaintiff stated that pain kept him up at night in January 2007 in response to a question on his disability form, he did not allege that he was awakened several times a night by needing to go to the bathroom.  (Tr. 183).  At the hearing, he stated that his rectal problem forced him to get out of bed several times per night.  (Tr. 111).  According to the Commissioner, the omission of this detail from the January 2007 form suggests plaintiff was not having that problem at this time.  While he did write at one point that his "stomac[h] is not in good condition," he ate chili and hot dogs, and did not reference any specific problems with diarrhea.  At the hearing, plaintiff testified he watched what he ate to help control his rectal problem.  (Tr. 104).  Thus, the Commissioner suggests that plaintiff's diet in January 2007 suggests he was not having disabling rectal

problems.  While plaintiff reported inflamed bowels and bleeding as new medical problems in an April 2007 disability report, he did not mention those conditions to a psychologist the same month (even though he did mention his spinal stenosis). (Tr. 202, 245).  As the ALJ observed, plaintiff did not mention his rectal problem to the consultative examiner in May 2007.  (Tr. 27).  Rather, the doctor stated that plaintiff's medical history was noncontributory apart from his spinal stenosis.  (Tr. 259).  When plaintiff went to Dr. Preda in November 2007, he reported "profuse diarrhea, going on for several weeks."  (Tr. 304).  However, he denied any "awareness of history of Crohn's disease, ulcerative colitis or significant bowel problems in the past."  (Tr. 304).  According to the Commissioner, when combined with plaintiff's failure to mention bowel problems in his January disability report and his May consultative examination, it was reasonable for the ALJ to conclude that plaintiff did not, in fact, have a rectal condition of disabling severity in the past.

The Commissioner does not dispute that plaintiff has demonstrated that Dr. Hain's letter was sent to the Appeals Council.  The Commissioner contends that whether the Appeals Council saw the letter is irrelevant because under Sixth Circuit precedent this Court lacks the subject-matter jurisdiction to review the Appeals Council's denial of review.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230 (6th Cir. 1993).  Rather, this Court may remand plaintiff's

case under sentence six of 42 U.S.C. § 405(g) if there is new and material evidence not submitted to the ALJ, and good cause exists for the failure to introduce that evidence to the ALJ.  However, the Commissioner contends that plaintiff cannot satisfy either the good cause or the materiality requirement.

As for good cause, the Commissioner points out that plaintiff was represented by counsel before the ALJ, and counsel clearly understood the importance of providing evidence about plaintiff's rectal condition prior to fall 2007.  (Cf. Tr. 125).  The record was left open for plaintiff's counsel to submit additional medical evidence about plaintiff's colitis prior to fall 2007, specifically the 2003 emergency room report.  (Tr. 126).  Yet plaintiff's counsel did not submit a retrospective opinion from Dr. Haim until after the ALJ had denied plaintiff's claim.  Thus, according to the Commissioner, plaintiff cannot "give a valid reason for his failure to obtain [a retrospective opinion] prior to the hearing." *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551 (6th Cir. 1984) ("Nothing in the record indicates any good cause for the failure to elicit medical testimony from [the doctor] prior to the close of the proceeding before the ALJ.").

The Commissioner also argues that plaintiff's new evidence cannot meet the standard of materiality.  For new evidence to be material, it must establish "a reasonable probability that the [Commissioner] would have reached a different

disposition of the disability claim if presented with this evidence." *Foster v. Halter*, 279 F.3d 348, 358 (6th Cir. 2001).  According to the Commissioner, there are several problems with Dr. Haim's opinion that render it unlikely to have influenced the ALJ's decision.  First, the 2009 letter was wholly conclusory; it did not explain the basis for Dr. Haim's opinion that plaintiff had severe colitis years before he began to treat plaintiff.  Secondly, it was a retrospective opinion. *Cf. Calvin v. Chater*, 73 F.3d 87, 92 (6th Cir. 1996) ("The written record of an examination made at the time is undoubtedly more trustworthy than the treacherous memory of a busy man dealing with many cases having many points of similarity.").  Third, Dr. Haim offered no explanation to harmonize his new opinion with evidence in the record suggesting that plaintiff's colitis was not a disabling condition prior to November 2007. *Cf. Calvin*, 73 F.3d at 92.  In light of the record before the ALJ, the Commissioner asserts that it is very unlikely that Dr. Haim's 2009 letter would have changed the ALJ's decision.  Accordingly, the Commissioner contends that the letter is not material.

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B.   Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

Step One:  If the claimant is currently engaged in

substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>The ALJ's decision Regarding the Onset of Plaintiff's Disability is Supported by Substantial Evidence</u>

Plaintiff's brief argues essentially that the ALJ's decision that his disability did begin before 2007 is not supported by substantial evidence.  The undersigned disagrees.  Social Security Ruling 83-20 governs the determination of disability onset date.  Once a finding of disability is made, the ALJ must determine the onset date of the disability. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

The ruling states, in relevant part:

> Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date. However, the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence... Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e. be decided on medical grounds alone) before onset can be established.... In some cases, it may be possible, based on the medical evidence, to reasonably infer that the onset of a disabling impairment occurred sometime prior to the date of the first recorded medical examination, e.g. the date the claimant stopped working.

SSR 83-20, *1.  According to SSR 83-20, "[t]he starting point in determining the date of onset of disability is the individual's statement as to when disability began."  *Id*. at *2.  However, the ruling states that "the medical evidence serves as the primary element in the onset determination."  *Id*. at 2.  Plaintiff does not point to any persuasive medical evidence in the record suggesting that an earlier onset date than that determined by the ALJ is appropriate.  A single emergency room visit in 2003 does not establish that plaintiff's bowel problems disabled him prior to 2007.  While plaintiff claims that he was not able to seek medical treatment, the Commissioner persuasively argues that even when plaintiff did seek medical treatment in the subsequent four years, no mention of his bowel problems was

made.  Notably, the undersigned cannot consider Dr. Haim's letter submitted to the appeals council in making this assessment.  Thus, the undersigned concludes that the ALJ's determination of plaintiff's onset date is reasonable and supported by substantial evidence.

      D.     <u>Sentence Six Remand</u>

The Court may remand a case under two separate circumstances identified in 42 U.S.C. § 405(g).  These two kinds of remand are referred to as "sentence four" and "sentence six" remands due to their placement in the statute.  In a sentence four remand, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A remand entered pursuant to sentence four must accompany an order affirming, modifying, or reversing the Commissioner's decision.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  A sentence six remand is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Unlike a sentence four remand, in a sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination."  *Melkonyan,* 501 U.S. at 98.  Instead, the remand is the result of new evidence "that was not available to the

claimant at the time of the administrative proceeding and that ... might have changed the outcome of the prior proceeding." *Id*. At this time, only plaintiff's request for a remand under sentence six is at issue.

Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed.Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r*, 97 Fed.Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r*, 79 Fed.Appx. 852, 859 (6th Cir. 2003). Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the

Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed.Appx. 547, 550 (6th Cir. 2007).

    Plaintiff has offered no explanation as to why the evidence from Dr. Haim was not submitted earlier. The ALJ left the record open for 30 days after the hearing for the submission of additional evidence. (Dkt. 8-2, Pg ID 153). Thus, plaintiff has failed to satisfy the requirement of good cause. In addition, Dr. Haim's retrospective opinion does not satisfy the materiality requirement. Even if the ALJ accepted Dr. Haim's opinion that plaintiff suffered from severe colitis prior to 2007, that does not mean that plaintiff was disabled from all work because of this condition. Essentially, plaintiff argues that if he had colitis before his last date insured, then he must be disabled. However, simply because plaintiff suffers from a certain condition or carries a certain diagnoses does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich.

2:11-cv-11585-GCS-MJH   Doc # 14   Filed 08/20/12   Pg 19 of 21   Pg ID 459

2004). "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily establish any functional limitation or disability before the last date insured. For these reasons, a sentence six remand is not appropriate.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

Report and Recommendation
Cross-Motions for Summary Judgment
*Tesorero v. Comm'r*; Case No. 11-11585

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 20, 2012                    s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 20, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>William L. Woodard, AUSA, and the Commissioner of Social Security</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Frank Anthony Tesorero, 10 Lakeville Court, Oxford, MI 48371</u>.

<u>s/Darlene Chubb</u>
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Tesorero v. Comm'r*; Case No. 11-11585